UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Raymond Earl Carr, | § | |
|    Petitioner, | § § § | |
| v. | § § | Civil Action H-22-0445 |
| Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
|    Respondent. | § § | |

# Report and Recommendation

Raymond Earl Carr, a former Texas state inmate, filed this petition for a writ of habeas corpus by a person in state custody under 28 U.S.C. § 2254. (D.E. 1.) The court recommends that the petition be dismissed without prejudice because Carr is not in custody for the convictions that he challenges.

## I. Background

Carr challenges a 2013 Harris County robbery conviction in Case No. 1353693. He also challenges the sentence he received on a parole revocation in connection with a 1994 Harris County conviction for burglary of a habitation in Case No. 0677196. Carr seeks federal habeas relief, asserting ineffective assistance of counsel in connection with his robbery conviction and a double jeopardy violation related to the parole revocation sentence.[1] (D.E. 1 at 6, 11.)

---

[1] Carr made similar claims as these in a previous § 2254 petition. *See Carr v. Stephens*, Case No. 4:15-cv-715. The court dismissed those claims as time-barred on March 2, 2016.

Both sentences about which Carr complains have been discharged. After pleading guilty to robbery causing bodily injury in Case No. 1353693, the 338th District Court sentenced Carr to a two-year prison term. Carr did not appeal that conviction and his sentence discharged on July 9, 2014. *See Ex Parte Carr*, WR-81,796-01 (Tex. Crim. App. Aug. 20, 2014) (dismissing application without written order because Carr's sentence has been discharged); *see also Ex Parte Carr*, WR-81,796-02 (Tex. Crim. App. Jun. 2, 2021) (same). Carr pleaded guilty to burglary of a habitation in 1994 in Case No. 0677196. The 180th District Court sentenced him to 20 years in prison. Carr did not appeal that conviction. His sentence discharged, at the latest, by June 2, 2021, when the Texas Court of Criminal Appeals denied his third state application for a writ of habeas corpus because the sentence had already discharged. *See* WR-81,796-03.

A Harris County grand jury indicted Carr on a charge of aggravated assault of a family member on June 2, 2020, in Case No. 1674218. The indictment suggests that the prosecution intends to seek a sentencing enhancement based on the 1994 and 2013 felony convictions. The charges remain pending but Carr is not in Harris County custody.

## II. Discussion

The writ of habeas corpus is not available to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The "in custody" requirement is jurisdictional. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Although the petitioner need not be physically confined to satisfy the "in custody" requirement, courts have not expanded the requirement to situations where the "petitioner suffers no present restraint from a conviction." *Id.* at 492. In other words, a prisoner may not bring a federal habeas petition challenging prior convictions that have fully expired. *Id.* A collateral consequence of an expired conviction is also not enough to render someone "in custody." *Id.* Thus, when a trial court imposes a subsequent sentence, enhanced by a prior conviction that has fully expired, a petitioner

is not "in custody" pursuant to the expired conviction. *Id.* at 492-93.

Public records show that Carr has fully discharged the sentences he seeks to attack. The fact that those sentences might serve to enhance any sentence he may receive on the pending charge does not render him "in custody" for habeas purposes. Because Carr filed this petition when he was no longer "in custody" as required under § 2254(a), this court lacks jurisdiction to consider his petition.

### III.   Conclusion and Recommendation

The court recommends that Carr's federal habeas corpus petition be dismissed without prejudice. The court further recommends that a certificate of appealability not issue.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed April 7, 2022, at Houston, Texas.

_____
Peter Bray
United States Magistrate Judge